### TWITCHELL *v.* GOEBEL.

Use and Occupation—Pleading.

A declaration alleging that the defendant agreed, " as per lease attached and made part of this declaration," to pay plaintiff a specified sum per month, for one year, for the rental of certain premises, and to perform certain other conditions, all of which he had neglected and refused to do, is sufficient if not demurred to, a copy of the lease being attached as stated, to authorize a recovery for use and occupation.

Error to Washtenaw; Kinne, J.  Submitted June 6, 1895.   Decided July 9, 1895.

*Assumpsit* by Stoddard W. Twitchell against Peter H. Goebel for rent. From a judgment for plaintiff, defendant brings error. Affirmed.

*M. J. Cavanaugh* and *T. A. Bogle,* for appellant.

*D. Cramer,* for appellee.

LONG, J. In this action the plaintiff is seeking to recover for rental of premises by virtue of the terms of a lease made on the 23d day of March, 1893, between Densmore Cramer, attorney for Stoddard W. Twitchell, and Peter H. Goebel. Summons was issued on the 21st day of March, 1894, requiring defendant to appear and answer plaintiff in a plea of trespass on the case. On the 4th day of April, 1894. plaintiff, by his attorney, Mr. Cramer, filed a declaration, with copy of lease attached, declaring on the common counts in a plea of trespass on the case upon promises. The declaration contained no count for use and occupation, but in its place the following statement was inserted:

"For that the defendant on the 23d day of March, 1893, agreed, as per lease attached and made part of this declaration, with plaintiff, at said county of Washtenaw, to pay said plaintiff the sum of $35 each and every month in advance, for one year, for what is known as the 'Robert's House Premises,' at Fenton, Michigan, the same being for the rent thereof, which rent was to commence April 1, 1893, and was to keep said premises in good repair and good order during said year, and leave the same in good order, and with the rent fully paid, all of which the defendant has neglected and refused to do, to the plaintiff's damage of $150."

The defendant pleaded the general issue. At the trial the claim was for rental of premises by virtue of the terms and conditions of this lease. Upon the pleadings and statement, the plaintiff was permitted to introduce the lease in evidence, and a recovery was had in his favor.

Counsel for defendant contend that the declaration was not sufficiently specific to permit a recovery for use and occupation, as the lease was no part of the declaration. The declaration was not demurred to. It contained a copy of the lease, which is made a part of the special count, and the court below properly held that a recovery could be had thereunder for use and occupation. It was admitted that defendant went into possession under the lease.

The only other controversy was over the amount which the defendant had expended, as he claims, by direction of Mr. Cramer. This question was left fairly to the jury under the charge of the court. The jury returned a verdict in favor of plaintiff.

The judgment must be affirmed.

The other Justices concurred.